UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCES GREY,
    Plaintiff,
v.                                          CASE NO. 8:21-cv-596-CEH-TGW

FRANK BISIGNANO,
Commissioner of Social Security,*
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

      THIS CAUSE came on for consideration upon the Plaintiff's Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. 406(b) (Doc. 20). Having considered the motion, the defendant's lack of objection (Doc. 21), and the pertinent factors regarding an award of attorney's fees under 42 U.S.C. 406(b), plaintiff's counsel will be awarded, after deducting an estimated EAJA fee of $983.25, the sum of $41,338.35 in attorney's fees.

      The movant represented the plaintiff in this action seeking review of the denial of social security disability benefits and supplemental

---

* Frank Bisignano became the Commissioner of Social Security on May 6. 2025, and should be substituted as the defendant. See Fed. R. Civ. P. 25(d).

security income payments. The decision was reversed, and the case was remanded to the Social Security Administration by Order of this court (Doc. 19). Judgment was entered accordingly (Doc. 23).

The movant did not file an application for attorney's fees under the EAJA, but expected that, had such a petition been filed, she would have been awarded $983.25 in attorney's fees (Doc. 20, pp. 1-2).

After the remand, the defendant held further proceedings on this matter that resulted in a favorable decision, and the plaintiff was awarded past-due benefits of $282,144.00 (see Doc. 20-1, p. 5). Plaintiff's counsel then filed this motion for attorney's fees pursuant to 406(b) (Doc. 20).

The Social Security Act provides for the recovery of attorney's fees in the following terms (42 U.S.C. 406(b)(1)(A)):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

Plaintiff's counsel does not seek a fee exceeding 25 percent of the total of the past-due benefits. Therefore, it is appropriate to consider the reasonableness of the fees requested.

2

A contingent fee agreement between an attorney and a Social Security claimant must not exceed twenty-five percent of the total past-due benefits awarded to a prevailing claimant. 42 U.S.C. 406(b)(1)(A). The United States Supreme Court has held that the burden is on the attorney to demonstrate that the fee sought is reasonable in light of the contingency fee agreement. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

In this case, plaintiff's counsel requests an award of attorney's fees in the amount of $42,321.60 for 4.6 hours of legal services before the court (Doc. 20). This amounts to fifteen percent of past-due benefits (id., pp. 2-3). The fee agreement between the plaintiff and counsel is for a contingent attorney's fee not to exceed twenty-five percent of past-due benefits (Doc. 33-2).

Although the requested fee is substantially higher than the equivalent hourly rate in other 406(b) cases, the fifteen-percent fee is significantly less than the statutory maximum of twenty-five percent of the past-due benefits. Furthermore, plaintiff's counsel identified special circumstances in this case that warrant a higher than a typical fee §406(b) award (see Doc. 20, pp. 14-15). Specifically, the alleged onset date of the plaintiff's disability was August 13, 2018, the remoteness of which increased the already substantial risk of nonpayment of attorney's fees in Social

3

Security cases (id.). Nonetheless, plaintiff's counsel accepted that risk and achieved an excellent result for the plaintiff (id.). Significantly, moreover, the Commissioner filed a response stating that he does not oppose the attorney's fees request (Doc. 21, p. 2).

Finally, plaintiff's counsel acknowledges that a fee award under §406(b) must take into account an award under the EAJA (id., pp. 1-2). In this respect, plaintiff's counsel deducts $983.25 from the requested fee, which is the amount of the EAJA fee to which she would have been entitled if the plaintiff filed such a petition. This is an acceptable method of complying with the EAJA Savings Provision. See Jackson v. Commissioner of Social Security, 601 F.3d 1268, 1274 (11th Cir. 2010) ("Although an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request.").

I therefore recommend that the Plaintiff's Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. 406(b) (Doc. 20) be granted, and the plaintiff's attorney be awarded

$41,338.35 in attorney's fees pursuant to 42 U.S.C. 406(b).

Respectfully submitted,

*[signature: Thomas G. Wilson]*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: MAY 22, 2025

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.